**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ADAM EUGENE MARTIN, | ) | NO. ED CV 14-421-FMO (AS) |
| Petitioner, | ) | |
| | ) | **ORDER DENYING AND** |
| v. | ) | |
| | ) | **DISMISSING PETITION** |
| RICHARD IVES, Warden, | ) | |
| | ) | **FOR LACK OF JURISDICTION** |
| Respondent. | ) | |
| | ) | |

**INTRODUCTION**

On May 9, 2013, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") in the United States District Court for the District of Indiana where he was then confined. On February 24, 2014, the Petition was transferred to this district following Petitioner's transfer to the Victorville Federal Correctional Institution and the "Superintendent for USP Victorville" was substituted for the Respondent in this matter. (Docket No. 25; "Order Transferring Action to the Central District

of California").¹  On March 14, 2014, Petitioner filed an "Addendum to 2241." (Docket Entry No. 29).

**PROCEDURAL BACKGROUND**

On August 18, 2004, Petitioner was convicted, following a jury trial in the United States District Court for the Western District of Texas, of eight counts of bank robbery and subsequently sentenced to eight concurrent life sentences.  United States v. Martin, 431 F.3d 846, 850 (5th Cir. 2005).  On December 2, 2005, the United States Court of Appeals for the Fifth Circuit affirmed Petitioner's convictions and sentence.  Id.  On April 3, 2006, the United States Supreme Court denied a petition for writ of certiorari.  Martin v. United States, 547 U.S. 1059 (2006).

On January 31, 2006, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Western District of Texas which the district court recharacterized as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.  On May 24, 2006, the court denied the § 2255 motion. (Pet. Attachment A;

---

[1]  The Court has substituted Richard Ives, the current Warden at the Victorville Federal Correctional Institution, as the Respondent.  See 28 U.S.C. § 2243; Rumsfeld v. Padilla, 542 U.S. 426 (2004)(proper respondent is person having custody over the petitioner).

Docket 1-1). See 2007 WL 1138830 *1 (E.D. Tex. April 17, 2007).[2]

Petitioner subsequently filed a § 2241 petition in the Eastern District of Texas challenging his convictions. On April 17, 2007, the district court dismissed the petition finding that Petitioner was required to file a motion under 28 U.S.C. § 2255 motion in order to challenge his convictions and that Petitioner had failed to meet the criteria to file a § 2241 petition under the savings clause of § 2255 because he could not establish that any remedy pursuant to § 2255 was inadequate or ineffective to test the legality of his detention. See Martin v. Outlaw, 2007 WL 1138830 *2 (E.D. Tex. April 17, 2007). The Court also found that since Petitioner had previously filed a § 2255 motion, he would be barred from proceeding with a subsequent § 2255 motion absent authorization from the Fifth Circuit Court of Appeals. Id.

On January 26, 2009, Petitioner filed a second § 2241 petition

---

[2] The Court takes judicial notice of the records of the United States District Courts for the Southern District of Indiana, the Eastern District of Texas, the Western District of Texas, the Northern District of West Virginia and the Middle District of Pennsylvania; and the United States Court of Appeals for the Fifth Circuit available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

1  in the United States District Court for the Northern District of
2  West Virginia challenging his convictions and claiming actual
3  innocence.  On April 26, 2009, the district court dismissed the
4  petition, rejecting Petitioner's claims that he was entitled to
5  file a § 2241 petition alleging newly discovered evidence of his
6  innocence.  See Martin v. Cross, 2009 WL 1034497 *3 (N.D. West
7  Virginia, April 16, 2009).

9     On May 7, 2010, the Fifth Circuit Court of Appeals affirmed
10 the district court's denial of Petitioner's application to the
11 District Court for the Western District of Texas for post-
12 conviction DNA testing.  United States v. Martin, 377 Fed. Appx.
13 395 (5th Cir., May 7, 2010).  The Court held that, given the
14 overwhelming evidence of Petitioner's guilt, including the
15 testimony of co-defendants regarding Petitioner's participation in
16 the robberies and Petitioner's handwritten letters that amounted to
17 a confession, Petitioner had failed to "explain how DNA testing
18 would raise a reasonable probability that he did not commit the
19 bank robbery offenses[.]"  Id. at 396.

21    On May 3, 2011, Petitioner filed a third § 2241 petition in
22 the United States District Court for the Middle District of
23 Pennsylvania, challenging his convictions and claiming, inter alia,
24 actual innocence.  On January 18, 2012, the district court denied
25 the Petition finding that Petitioner had "failed to provide any new
26 reliable evidence establishing his innocence[.]"  Martin v.

Martinez, 2012 WL 140420 *5 (M.D. Pa. Jan. 18, 2012).

Despite the fact that multiple courts have rejected Petitioner's attempts to challenge his convictions by filing a § 2241 petition rather than a § 2255 motion in the district of conviction, Petitioner has not filed a § 2255 motion in the Western District of Texas and/or sought authorization from the Fifth Circuit Court of Appeals to file a successive § 2255 Motion. Instead, Petitioner has chosen to file the instant Petition - his fourth habeas petition pursuant to § 2241 - which also challenges his underlying convictions based on a claim of actual innocence. Petitioner contends that some of the banks he was convicted of robbing were not located within the "Western District of Texas - Austin Division," thereby depriving the court of jurisdiction and proving his "actual innocence and factual innocence." (Pet. 3-4).

On August 30, 2013, prior to the transfer of this case, the District Court for the Southern District of Indiana issued an Order to "show cause why this action can proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the Western District of Texas." (Docket No. 13). Petitioner did not file any response to the Court's Order. Instead, Petitioner sought a temporary restraining order, and filed a motion for further proceedings and other requests with the court, which were denied. (Docket Nos. 19, 20, 22). The "addendum" that Petitioner filed on March 24, 2014 contains an additional challenge

to Petitioner's convictions: Petitioner claims that there is no federal jurisdiction over bank robbery offenses because the Federal Deposit Insurance Corporation does not insure banks for loss of funds due to robbery or bank fraud.  (Docket No. 29; Attached Exhibit).

 As set forth below, Petitioner is not entitled to challenge his convictions by pursuing a § 2241 petition because he has failed to establish that the remedy available to him through a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his detention.  Accordingly, the Court finds that the instant  Petition should be characterized as a section 2255 motion over which this Court has no jurisdiction.  The Court will therefore dismiss the Petition for lack of jurisdiction

**DISCUSSION**

 A federal prisoner who contends that his or her conviction or sentence is subject to collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  "Generally, motions to contest the legality of a sentence must be filed under § 2255, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citations and footnote omitted).  A prisoner generally may not

1 substitute a habeas petition under 28 U.S.C. section 2241 for a
2 section 2255 motion.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Stephens v. Herrera, 464 F.3d 895, 897-99 (9th Cir. 2006); Hernandez v. Campbell, 204 F.3d at 864.

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under section 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d at 864-65; see also Stephens v. Herrera, 464 F.3d at 897. This "savings clause" exception to section 2255 exclusivity is a "narrow" exception. Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir. 2003); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). Mere lack of success

in the sentencing court does not make the section 2255 remedy "inadequate or ineffective." Boyden v. United States, 463 F.2d 229, 230 (9th Cir. 1972); see Tripati v. Henman, 843 F.2d 1160, 1162-63 (9th Cir. 1988). If the rule were otherwise, every disappointed prisoner/movant incarcerated in a district different from the sentencing district could pursue a repetitive section 2241 petition in the district of incarceration.

Similarly, neither the enforcement of the statute of limitations nor the enforcement of restrictions on successive 2255 motions renders the section 2255 remedy "inadequate or ineffective" within the meaning of the statute. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (the possibility that a section 2255 remedy, once available, now may be barred by the applicable statute of limitations does not render the section 2255 remedy "inadequate or ineffective"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)(dismissal of a section 2255 motion as successive does not render the section 2255 remedy "inadequate or ineffective"); Robinson v. United States, 2011 WL 4852499, at *2 (C.D. Cal. Oct. 12, 2011) (savings clause does not apply merely because the statute of limitations "now prevents the courts from considering a section 2255 motion"); cf. Ivy v. Pontesso, 328 F.3d at 1060 ("[I]t is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255. He must never have had the opportunity to raise it by motion."). The savings clause does apply, however, when a petitioner demonstrates

1  both "actual innocence" and the lack of an "unobstructed procedural
2  shot" at presenting the petitioner's claims.  See Harrison v.
3  Ollison, 519 F.3d 52, 959 (9th Cir. 2008); Stephens v. Herrera, 464
4  F.3d at 898.

6     "In this circuit, a claim of actual innocence for purposes of
7  the escape hatch [i.e., the savings clause] of § 2255 is tested by
8  the standard articulated by the Supreme Court in Bousley v. United
9  States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)."
10 Stephens v. Herrera, 464 F.3d at 898.  Under Bousley, "to establish
11 actual innocence, petitioner must demonstrate that, in light of all
12 the evidence, it is more likely than not that no reasonable juror
13 would have convicted him."  Bousley v. United States, 523 U.S. at
14 623 (citation and quotations omitted); see Stephens v. Herrera, 464
15 F.3d at 898.  "[T]he issue is 'factual innocence, not mere legal
16 insufficiency.'"  Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.
17 2000) (quoting Bousley, 523 U.S. at 623).

19    Here, Petitioner necessarily falls short of the requisite
20 demonstration of actual innocence.  Although Petitioner incants the
21 phrase "actual innocence," he appears to take issue with the fact
22 that the district court did not have jurisdiction over some of the
23 banks that he robbed because they were allegedly not located within
24 the "Austin Division" of the Western District of Texas where he was
25 tried. (Pet. 3).  Petitioner's contention thus misses the mark of
26 the "actual innocence" prong of the savings clause.  See Unthank v.

Jett, 549 F.3d 534, 536 (7th Cir. 2008) (challenge to sentence on ground that petitioner's state court conviction was vacated insufficient to show "actual innocence"); Poindexter v. Nash, 333 F.3d 372, 381-82 (2d Cir. 2003) (claim that prior convictions should have been treated as one conviction for career offender purposes "not cognizable as a claim of actual innocence" under savings clause, where petitioner did not contend he was innocent of the prior crimes); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001) (savings clause inapplicable where defendants did "not argue innocence, but instead challenge[d] their sentences"); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim that prior convictions did not constitute controlled substance offenses insufficient for savings clause, where petitioner did not assert he was "innocent of the crime for which he was convicted"); Frank v. Banks, 2011 WL 3477096, at *3-5 (C.D. Cal. July 15, 2011), adopted, 2011 WL 3476602 (C.D. Cal. Aug. 9, 2011) (agreeing with "every circuit" to have addressed the issue that the savings clause "requires a claim of actual innocence directed to the underlying conviction, not merely the sentence"). Petitioner's claim that some of the banks he was convicted of robbing were not located within the "Austin Division" of the District court that sentenced him is not an assertion of actual innocence for the robberies.[3]

---

[3] Although the Court does not reach the merits of Petitioner's claims regarding the sentencing court's jurisdiction, the Court notes that Rule 18, Fed. R. Crim. P., requires the prosecution of an offense "in the district where the

1 Accordingly, Petitioner has failed to demonstrate "actual
2 innocence" because he has not established that, even if his
3 allegations about the location of certain banks was true, "in light
4 of all the evidence, it is more likely than not that no reasonable
5 juror would have convicted him." Bousley, 523 U.S. at 623.

7 Petitioner also fails to satisfy the "unobstructed procedural
8 shot" prong of the savings clause analysis. "In determining
9 whether a petitioner had an unobstructed procedural shot to pursue
10 his claim, we ask whether petitioner's claim 'did not become
11 available' until after a federal court decision." Harrison v.
12 Ollison, 519 F.3d at 960 (citation omitted). "In other words, we
13 consider: (1) whether the legal basis for petitioner's claim 'did
14 not arise until after he had exhausted his direct appeal and first
15 _____
16 offense was committed." Id. Here, Petitioner does not contend
17 that the banks in question were not located within the Western
18 District of Texas, but rather, claims that the court lacked
19 jurisdiction because some of the banks were not located within
20 the "Austin Division" of the Western District of Texas. The
21 Court also notes that Petitioner's contentions regarding federal
22 court jurisdiction over bank robbery offenses are without merit.
23 See 18 U.S.C. § 2113(a), (f); United States v. Harris, 108 F.3d
24 1107 (9th Cir. 1997) (federal bank robbery statute covers banks
25 that are members of the Federal Reserve System or insured by the
26
27 FDIC).
28                                    11

§ 2255 motion'; and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id. (citation omitted).  Here, Petitioner has not established that any relevant intervening change in the law since his conviction triggered the savings clause  permitting  him to proceed with his § 2241 petition.  Nor does Petitioner explain why he could not have raised his claims regarding the court's jurisdiction over robberies of banks that were not located within the Austin Division of the Western District of Texas or his claims regarding federal court jurisdiction over bank robberies on direct appeal or a § 2255 motion or, in his case, his initial § 2241 petition that was recharacterized as a § 2255 motion.[4]  With reasonable diligence, it appears that Petitioner could have discovered the underlying facts

---

[4]  Petitioner suggests that he has met the "cause and prejudice" and "actual innocence" standard for filing a § 2241 petition because the district court's re-characterization of his initial § 2241 motion as a § 2255 motion, has effectively barred him from filing another § 2255 motion. (Pet. 2).  Petitioner's reliance on McClesky v. Zant, 499 U.S. 467 (1991) is unavailing. McClesky did not address the savings clause of § 2255 (which permits the filing of a § 2241 petition to challenge a conviction or sentence); it set forth the requirements that a state prisoner must meet in order to file a second or successive federal habeas petition raising claims that were not, but could have been, raised in an earlier petition.  Id. at 468.

12

and presented these claims in a timely § 2255 motion. Consequently, there appears to be nothing "newly discovered" about Petitioner's claims regarding the court's lack of jurisdiction.

Petitioner has failed to show that he has not had an unobstructed procedural shot at presenting his claim in the trial court and has therefore failed to establish that § 2255 is either inadequate or ineffective for invoking the savings clause and the fact that he may now be procedurally barred from obtaining relief does not alter that conclusion. See Ivy v. Pontesso, 328 F.3d at 1059-61 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations).

Thus, this Court lacks jurisdiction over the present Petition. A court lacking jurisdiction of a civil action may transfer the action to a court in which the action could have been brought, provided the transfer is "in the interest of justice." 28 U.S.C. § 1631; see Cruz-Aquilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." Cruz-Aquilera v. I.N.S., 245 F.3d at 1074 (citations and quotations omitted). However, the Court finds that a transfer of this case to the district of conviction would be futile. First, the one-year statute of limitations will likely bar consideration of this action given the fact that Petitioner's direct appeal concluded in 2005 and his conviction became final in 2006. Second, the United States

District Court for the Western District of Texas could not entertain this "second or successive" section 2255 motion, absent Fifth Circuit authorization. Thus, transfer of this action to the United States District Court for the Western District of Texas is not in the interest of justice and the Court will exercise its discretion, under 28 U.S.C. § 1406(a), and decline to transfer the case.

**ORDER**

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 11, 2014.

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

PRESENTED this 4th day of April, 2014, by:

/S/
ALKA SAGAR
UNITED STATED MAGISTRATE JUDGE